UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHERINE COLLINS LANTZ, ET AL     CIVIL ACTION

VERSUS     NO. 16-318-JJB-RLB

PROGRESSIVE CASUALTY INSURANCE
ET AL

### O R D E R

The court *sua sponte* notes the potential insufficiency of the removing defendant's allegation of the citizenship of the parties as follows;

1. \_\_\_\_     A party invoking diversity jurisdiction must allege the *citizenship* rather than mere residence of an individual. In addition, see 28 U.S.C. §1332(c)(2) for infants, minors and an incompetent. The *citizenship* of \_\_\_\_ is not provided.

2.  X      A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The Amended Removal provides the domiciliary address of Affirmative Casualty Insurance Company (counsel indicates this is the previous name of USAgencies, LLC) as Baton Rouge, Louisiana, and the administrative address as Addison, Texas. However, the state of incorporation and principal place of business **Affirmative Casualty Insurance Company** is not provided.[1]

3. \_\_\_\_     A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). Even when a liability insurer takes on its insured's citizenship under 28 U.S.C. § 1332(c)(1), its own citizenship still is considered in determining whether complete diversity

---

[1] The phrase "principal place of business" in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010)

exists. The state of incorporation and principal place of business of _____ is not provided.[2]

4. \_X\_ A party invoking diversity jurisdiction must properly allege the citizenship of a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of **its members**. The citizenship of **all of the members** of a limited liability company must be properly alleged. In the event a member of a limited liability company is another limited liability company, the members of that limited liability company must be properly alleged as well. See *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). The complete citizenship of **EAN Holdings, LLC** is not provided. Although, the amended removal states that EAN Holdings, LLC is a Delaware limited liability company whose principle place of business is in St. Louis, Missouri, the **members and the citizenship of those members** is not provided.

5. \_\_\_\_ A party invoking diversity jurisdiction must properly allege the citizenship of a general partnership, a limited liability partnership, and a limited partnership. A general partnership, a limited liability partnership, and a limited partnership has the citizenship of each one of its partners. Both the general partner and limited partner must be alleged to establish citizenship of a limited partnership. See *International Paper Co. v. Denkmann Assoc.,* 116 F.3d 134, 137 (5th Cir. 1997); *Carden v. Arkoma Associates,* 494 U.S. 185 (1990). The citizenship of _____ is not provided.

6. \_\_\_\_ A party invoking diversity jurisdiction must properly allege the citizenship of Underwriters at Lloyd's, London. The citizenship of Underwriters at Lloyd's, London has not been provided. See *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853 (5th Cir. 2003).

7. \_\_\_\_ A party invoking diversity jurisdiction must properly allege the citizenship of a sole proprietorship. A business entity cannot be both a corporation and sole proprietorship; therefore the court seeks to clarify the identity of plaintiff/defendant. Case law suggests that the citizenship of a sole proprietorship for diversity purposes is determined by the citizenship of its members and/or owners. See *Linder Enterprises v. Martinringle, No. 07-1733,* 2007 WL 3095382 (N.D. Tex., Oct. 22, 2007). The citizenship of _____ is not provided.

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **October 7, 2016**, the removing defendant shall file an amended notice of removal providing the citizenship of

---

[2]See footnote 1.

defendants **USAgencies and EAN Holdings, LLC** by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on September 27, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**