## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KATHERINE COLLINS LANTZ, ET AL.**          **CIVIL ACTION**

**VERSUS**

**NO. 16-318-JJB-RLB**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion to Appoint Curator. (R. Doc. 33). Plaintiffs seek to serve defendant Amador Gomez Ochoa through an appointed attorney pursuant to Louisiana Code of Civil Procedure 5091 "because he is an absentee who has not been served with process." (R. Doc. 33 at 1).

Plaintiffs initiated this personal injury action on or about April 7, 2016. (R. Doc. 1-2). The action was removed on May 10, 2016. (R. Doc. 1).

The record indicates that Plaintiffs attempted to serve Ochoa with process on or about April 21, 2016. (R. Doc. 24).

On September 27, 2016, the Court ordered Plaintiffs to show cause, in writing, why their claims against Ochoa should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service. (R. Doc. 26 at 1). The Court further provided that Plaintiffs did not have to respond to the show cause order if they filed into the record proof of service on Ochoa by October 11, 2016. (R. Doc. 26 at 1).

On October 11, 2016, Plaintiffs filed the instant motion. (R. Doc. 33).

Article 5091 of the Louisiana Code of Civil Procedure provides, in pertinent part, the following:

> The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:

>(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
>(a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

La. Code Civ. Proc. Ann. art. 5091(A).  Plaintiffs seek appointment of an attorney at law to represent Ochoa on the basis that he is an "absentee who has not been served with process." (R. Doc. 38 at 1).

At least one district court has questioned whether this Louisiana procedural statute applies in an action in federal court outside of the context of aiding in the execution of judgments as expressly authorized in Rule 69(a)(1) of the Federal Rules of Civil Procedure.  *See Ware v. Daybrook Fisheries, Inc.*, No. 14-2229, 2015 WL 7296654, at *2 (E.D. La. Nov. 18, 2015). Plaintiff has not submitted any arguments regarding whether the instant procedural statute should be applied in this diversity action.

The Court need not decide that issue at this time.  An "absentee" is defined as a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown." La. Code Civ. Proc. art. 5251(1).

In support of their motion, Plaintiffs assert that they have "requested service at the address identified within the accident report" associated with the underlying accident but "were advised that while the apartment complex existed, no such address as identified within the accident report existed." (R. Doc. 38 at 1).  Plaintiffs also submitted an affidavit by Tom Cassisa, the owner of the process server company used by Plaintiff, who provides that service was

attempted at an address in Baton Rouge; the mail carrier for the area confirmed that Ochoa had moved from the location months ago; a current address for Ochoa could not be located; and the owner of the vehicle in the crash report could also not be located. (R. Doc. 38 at 2).

The Court finds that the foregoing efforts, which did not include the hiring of a private investigator or any further investigation to determine the whereabouts of Ochoa, are insufficient to establish a "diligent effort" as required by the statute. *See Smith v. Averette*, No. 15-2396, 2016 WL 434368, at *3 (W.D. La. July 18, 2016), *report and recommendation adopted*, 2016 WL 4384785 (W.D. La. Aug. 16, 2016) (court was not authorized to appoint attorney at law where there was no indication that the plaintiff hired a private investigator and identified the efforts made by such an investigator to locate the unserved defendant); *Meyer v. Bayles*, No. 12-0043, 2012 WL 1667586, at *1 n.4 (W.D. La. May 11, 2012) (same).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion (R. Doc. 33) is **DENIED**. Any renewed motion shall specifically address the applicability of Louisiana Civil Procedure Rules to this matter in federal court. The motion shall also address any costs associated with such appointment as set forth in Louisiana Code of Civil Procedure 5096. Finally, the motion shall address the specific steps taken to attempt service of Ochoa within the timeframes permitted by Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the deadline to respond to the Court's September 27, 2016 Show Cause Order (R. Doc. 26) is extended, with regard to defendant Amador Gomez Ochoa, to **December 2, 2016**.

Signed in Baton Rouge, Louisiana, on November 7, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**