UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHERINE COLLINS LANTZ, ET AL.           CIVIL ACTION

VERSUS

                                              NO. 16-318-JJB-RLB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.

**ORDER**

      Before the Court is Plaintiffs' Motion to Appoint Curator. (R. Doc. 55).  Plaintiffs seek an order appointing an "attorney at law" to represent defendant Amador Gomez Ochoa pursuant to Louisiana Code of Civil Procedure article 5091 for the purpose of effecting service on the allegedly absentee defendant.

**I.     Background**

      Plaintiffs initiated this personal injury action on or about April 7, 2016. (R. Doc. 1-2). The record indicates that Plaintiffs attempted to serve Ochoa with process on or about April 21, 2016, but were unsuccessful. (R. Doc. 24).  The action was removed on May 10, 2016. (R. Doc. 1).

      On September 27, 2016, the Court ordered Plaintiffs to show cause, in writing, why their claims against Ochoa should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service. (R. Doc. 26 at 1).  The Court further provided that Plaintiffs did not have to respond to the show cause order if they filed into the record proof of service on Ochoa by October 11, 2016. (R. Doc. 26 at 1).

      On October 11, 2016, Plaintiffs filed their first motion to appoint curator. (R. Doc. 33). In support of their motion, Plaintiffs assert that they have "requested service at the address identified within the accident report" associated with the underlying accident but "were advised

that while the apartment complex existed, no such address as identified within the accident report existed." (R. Doc. 38 at 1). Plaintiffs also submitted an affidavit by Tom Cassisa, the owner of the process server company used by Plaintiffs, who provides that service was attempted at an address in Baton Rouge; the mail carrier for the area confirmed that Ochoa had moved from the location months ago; a current address for Ochoa could not be located; and the owner of the vehicle in the crash report could also not be located. (R. Doc. 38 at 2).

On November 7, 2016, the Court denied the foregoing motion, concluding that Plaintiffs did not establish that Ochoa was an "absentee" under the statute. (R. Doc. 51). The Court extended Plaintiffs' deadline to respond to the Court's September 27, 2016 Show Cause Order (R. Doc. 26) to December 2, 2016.

On December 2, 2016, Plaintiffs filed the instant motion, which again seeks the appointment of a curator pursuant to Louisiana Code of Civil Procedure article 5091 for the purposes of serving process on Ochoa. (R. Doc. 55). Plaintiffs represent that they hired a private investigator, Heather Fulker Cambre of Genesis Information Services, Inc., to locate the whereabouts of Ochoa. (R. Doc. 55 at 2). In an attached affidavit, Ms. Cambre represents that she identified several possible addresses for the location of Ochoa and attempted service at five separate locations in Baton Rouge, Louisiana. (R. Doc. 55-4). None of these attempts at service were successful.

## II. Law and Analysis

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938)). Accordingly, federal procedural law governs procedural law in this action. *See S. U.S. Trade Ass'n v. Guddh*, 565 F. App'x 280, 284

2

(5th Cir. 2014) (citing *DP Solutions, Inc. v. Rollins, Inc.,* 353 F.3d 421, 427 (5th Cir. 2003); *see also* Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."); *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1992) (The "expansive language" of Rule 81(c) "contains no express exceptions.").

Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal civil action. Under the federal rules, an individual may be served by personal service, domiciliary service, or by serving an agent "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Plaintiffs seek an order appointing an attorney at law to represent Ochoa pursuant to Louisiana Code of Civil Procedure article 5091, which provides, in pertinent part, the following:

> A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
>
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
> (a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

La. Code Civ. Proc. art. 5091(A).[1] An "absentee" is defined as "a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and

---

[1] According to a leading treatise, the appointment of an attorney at law to represent an absentee defendant under Louisiana law is "derived from Spanish law" in lieu of the "common law approach to providing fair notice in such circumstances . . . through advertisement." Frank Maraist, *Attorneys for unrepresented parties*, 1A La. Civ. L. Treatise, Civ. Proc. - Special Proceed. § 10.3; *see also* La. Code Civ. Proc. Ann. Bk. IX, T. I, Ch. 2, Refs & Annos. ("The Louisiana procedural practice of appointing an attorney at law to represent an unrepresented defendant stems back to Partida 3. 2. 12, requiring the appointment of a curator to represent an absent defendant.") (citing Robert Wyness Millar, *Jurisdiction Over Absent Defendants: Two Chapters in American Civil Procedure*, 14 La. L. Rev. 321, 329 (1954)).

3

who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown." La. Code Civ. Proc. art. 5251(1).

In this action, the Court previously did not reach the issue of whether Article 5091 is applicable in a federal proceeding because, even if it was, Plaintiffs had not established a "diligent effort" to serve the absentee defendant as required by the statute. *See Lantz v. State Farm Mutual Automobile Ins. Co.*, No. 16-318, No. 51 (M.D. La. Nov. 7, 2016) (court was not authorized to appoint attorney at law where there was no indication that the plaintiff hired a private investigator and identified the efforts made by such an investigator to locate the unserved defendant); *see also Smith v. Averette*, No. 15-2396, 2016 WL 434368, at *3 (W.D. La. July 18, 2016), *report and recommendation adopted*, 2016 WL 4384785 (W.D. La. Aug. 16, 2016) (same); *Meyer v. Bayles*, No. 12-0043, 2012 WL 1667586, at *1 n.4 (W.D. La. May 11, 2012) (same). Given the factual submissions in support of the instant motion, the Court must now address the applicability of Article 5091 in a federal proceeding removed from state court.

Having reviewed the applicable law, the Court concludes that Article 5091 constitutes a Louisiana procedural mechanism that falls outside of the "state law for serving a summons" that is applicable under Rule 4(e)(1). Foremost, Louisiana law for serving process on resident individuals does not reference Article 5091, or otherwise discuss the appointment of an attorney on behalf of an absentee in-state defendant. *See* La. Code. Civ. P. arts. 1231-1237. While the Louisiana long arm statute, which governs service of process on non-residents, references Article 5091, it merely provides that "[i]f service of process cannot be made on the nonresident by

registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091." La. R.S. 13:3204(B).  The Louisiana long arm statute does not provide the court with authority to make such an appointment; it merely authorizes the court to order service of process on an attorney already appointed pursuant to Article 5091.

While service of process on an attorney at law duly appointed pursuant to Article 5091 prior to removal may be an appropriate method for serving an absentee defendant in an action removed to federal court, the actual appointment of such an attorney goes beyond Rule 4(e)(1). Rule 4(e)(1) does not authorize the Court to apply Louisiana procedural law to aid in service of process on an absentee defendant.[2]

The Court's holding is consistent with a recent decision by the Western District of Texas addressing analogous procedural mechanisms for appointment of an attorney ad litem to represent unknown heirs pursuant to Texas procedural law. *See Ocwen Loan Servicing LLC v. Lane*, No. 15-244, 2015 WL 7301182, at *1 (W.D. Tex. Nov. 18, 2015) ("While service may be effected according to state law, providing procedural protection for a litigant properly served who did not appear goes beyond effectuating service, and it is not at all clear to the Court that Federal Rule 4(e)(1) authorizes the appointment, at the expense of the United States government, of an attorney ad litem to represent unknown heirs to the deceased owners of property.  Further,

---

[2] In contrast, Rule 69(a)(1) provides that where a party is seeking to execute a money judgment, "[t]he *procedure* on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the *procedure of the state* where the court is located" unless a federal statute otherwise applies.  Fed. R. Civ. P. 69(a)(1) (emphasis added).  Accordingly, federal courts have recognized that application of Article 5091 is appropriate as a procedural mechanism to aid in the execution of judgment as expressly authorized by Rule 69(a)(1). *See Ware v. Daybrook Fisheries, Inc.*, No. 14-2229, 2015 WL 7296654, at *2 (E.D. La. Nov. 18, 2015) (citing *Urban Resorts Grp. v. Wheeler*, No. 82-2470, 1996 WL 28507, at *1 (E.D. La. Jan. 22, 1996); *Merrill Lynch, Pierce, Fenner & Smith v. Falgoust*, No. 80-4704, 1993 WL 149607, at *1 (E.D. La. May 5, 1993)).

Plaintiffs have cited no federal authority sanctioning the appointment of an attorney ad litem under such circumstances.").[3]

The Court further concludes that the instant motion to appoint an attorney at law is untimely as it was not filed prior to the deadline to serve Ochoa as provided by Rule 4(m). This action was removed on May 10, 2016. Accordingly, at the latest, service on Ochoa was due on or before August 8, 2016, which is 90 days from the date of removal.[4] Plaintiffs did not serve Ochoa or otherwise move for an appointment of an attorney at law by that date. Even if Article 5091 were applicable in this proceeding, the Court concludes that a plaintiff may not circumvent

---

[3] In addition, a recent decision out of the Eastern District of Louisiana questioned the applicability of Article 5091 in federal proceedings outside of the Rule 69 context:

> I know of no reason why Louisiana procedural law, outside of the Rule 69 context, might apply in this federal court. Because jurisdiction is based on diversity of citizenship, Louisiana substantive law and federal procedural law apply to these state-law claims. The Federal Rules of Civil Procedure, not the Louisiana Code of Civil Procedure, govern this matter. I know of no Federal Rule of Civil Procedure authorizing this court to do what defendant requests.

*Ware*, 2015 WL 7296654, at *2 (citations and internal punctuation omitted). While some federal courts have appointed attorneys at law pursuant to Article 5091 outside of the Rule 69 context, the decisions located by the Court provide no analysis regarding the applicability of Article 5091 in federal court in light of the *Erie* doctrine and the limited availability of state law pursuant to Rule 4(e). *See*, *e.g.*, *Tifco, Inc. v. American Ins. Agency of the South*, No. No. 88-3094, 1989 WL 8838 (E.D. La. Feb. 1, 1989) (denying motion to dismiss filed by attorney at law); *United States v. Ware*, No. 09-00099, 2015 WL 6739032, at *3 n.1 (W.D. La. Nov. 4, 2015) (noting appointment of attorney to represent an unopened succession pursuant to Article 5091 in action proceeding *in rem*).

[4] Several district courts in the Fifth Circuit have held that the 90-day deadline to serve a defendant who was not served in state court commences at the time of removal, not when the state court petition was filed. *Copeland v. EMC Mortg. LLC*, No. 16-159, 2016 WL 7634455, at *5 (S.D. Miss. Dec. 21, 2016) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court.") (quoting 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.)); *Foster v. Rescare, Inc.*, No. 16-670, 2016 WL 3388387, at *2 (E.D. La. June 20, 2016) ("[A] plaintiff who does not perfect service of process in state court has 90 days from the date of removal in which to complete the task."); *Baba Lodging, LLC v. Wyndham Worldwide Operations, Inc.*, No. 10-1750, 2011 WL 4346315, at *1 (W.D. La. Aug. 18, 2011) ("In removed cases, the Rule 4(m) time period starts to run upon removal, not the date the state court petition was filed."), *report and recommendation adopted*, 2011 WL 4346549 (W.D. La. Sept. 15, 2011); *see also Washington v. Louisiana*, No. 10-261, 2010 WL 3169279, at *3 (M.D. La. Aug. 11, 2010) ("Under [former] Rule 4(m) of the Federal Rules of Civil Procedure, [the plaintiff] has 120 days from filing of the notice of removal to perfect service on the individual defendants.").

the 90-day service requirement of Rule 4(m) by untimely moving for an attorney at law to serve in lieu of an absentee defendant. *See In re Air Crash at Lexington, Ky., Aug. 27, 2006*, No. 06-316, 2008 WL 217123, at *2-3 (E.D. Ky. Jan. 25, 2008) (concluding that while state procedural law authorizing constructive service through the appointment of a "warning order attorney" was available to the parties pursuant to Rule 4(e)(1), a plaintiff cannot "circumvent or nullify" the deadlines of Rule 4(m) through a "belated request for a warning order attorney.").

Given the record, however, the Court will provide Plaintiffs one last opportunity, until March 17, 2017, to serve Defendant Ochoa with process and file such proof of service into the record. Failure to do so may result in dismissal of Defendant Ochoa, pursuant to Rule 4, without further notice.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Appoint Curator (R. Doc. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **March 17, 2017**, Plaintiffs shall serve Defendant Ochoa and file proof of service into the record. Failure to do so may result in dismissal of Defendant Ochoa, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on February 17, 2017.

_____
RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**